## DOUGLAS v. GREEN, SUPERINTENDENT, MARION CORRECTIONAL INSTITUTION.

No. 438, Misc. Decided June 6, 1960.

Petitioner *pro se.*

*Mark McElroy,* Attorney General of Ohio, and *Aubrey A. Wendt,* Assistant Attorney General, for respondent.

PER CURIAM.

The motion for leave to proceed *in forma pauperis* is granted. The petition for a writ of certiorari is also granted. Petitioner, a prisoner in an Ohio penitentiary, filed an application for a writ of habeas corpus in the District Court for the Northern District of Ohio. Among other claims, the petitioner alleged that the Ohio Supreme Court did not provide him, as an indigent criminal defendant, an adequate remedy for the prosecution of an appeal from his conviction without payment of docket fees. This deficiency was urged, as we read this lay petitioner's informal *pro se* application for the writ, as a violation of the Federal Constitution's guarantee of the equal protection of the laws. See *Burns* v. *Ohio,* 360

U. S. 252. The writ of habeas corpus was in effect denied by the District Court, that court denying petitioner, for want of merit, leave to proceed *in forma pauperis* before it. The District Court further denied a motion for leave to appeal *in forma pauperis* and the Court of Appeals sustained this action on the renewal of the motion before it.

We hold that petitioner's allegations in the application for the writ made out a case of deprivation of his constitutional right to the equal protection of the laws by Ohio in respect to his appeal from the conviction in the criminal prosecution against him. Clearly federal habeas corpus is an appropriate remedy under these circumstances. See *Johnson* v. *Zerbst,* 304 U. S. 458, 467–468; *Burns* v. *Ohio, supra,* at 262 (dissenting opinion). In view of our decision in *Burns* as to the validity of the former Ohio practice, and Ohio's conformance, as we are advised, to the requirements of that decision, we think that the District Court should suspend a hearing on the writ for a reasonable time to allow petitioner to reapply to the Ohio Supreme Court for consideration of his appeal. Upon that court's action thereon, the District Court should proceed, upon hearing, to make such appropriate order in the premises, as under the circumstances "law and justice require." 28 U. S. C. § 2243. It may at that time consider, in the posture in which the case then stands, petitioner's other claims as to the constitutional adequacy of Ohio's appellate procedure in respect of his original conviction and his application for state collateral relief. To this end, the judgment is reversed and the cause is remanded to the District Court.

MR. JUSTICE STEWART took no part in the consideration or decision of this case.