**Roy DOUGLAS, Plaintiff-Appellant,**

v.

**Lamoyne GREEN, Superintendent, Marion Correctional Institution, et al., Defendants-Appellees.**

**No. 15716.**

United States Court of Appeals
Sixth Circuit.

June 17, 1964.

Certiorari Denied Oct. 12, 1964.
See 85 S.Ct. 126.

See also Sixth Circuit, 327 F.2d 661.

Roy Douglas, in pro. per.

William B. Saxbe, Atty. Gen., John Cianflona, Asst. Atty. Gen., Columbus, Ohio, for appellees.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

This appeal is from an order of the United States District Court for the Northern District of Ohio, Western Division, dismissing appellant's complaint for a declaratory judgment. (Section 2201, Title 28 U.S.C.) The appellant filed his complaint in the District Court on October 21, 1963, against Lamoyne Green and the State of Ohio et al.

The Attorney General of the state of Ohio moved to dismiss the complaint for the reason that it failed to state a claim upon which relief could be granted. The trial judge considered the Attorney General's motion but dismissed the complaint upon his own motion for the following reasons:

"1. No jurisdictional grounds are alleged. However, from a reading of the petition, it appears that there is no diversity of citizenship and that the jurisdictional amount is not involved and no federal question is involved;

"2. No actual controversy exists between actual parties;

---

"3. A declaratory judgment as prayed for would serve no useful purpose as it could not be effective;

"4. The controversy had between petitioner and the Supreme Court of Ohio is moot. (Declaratory Judgments Act, Section 90.01 to 90.78, both inclusive, Volume 15 Cyclopedia of Federal Procedure, Third Edition)."

The proceeding now before us stems from a per curiam opinion of the Supreme Court of the United States under date of June 6, 1960, in Douglas v. Green, Superintendent, Marion Correctional Institution, reported at 363 U.S. 192, 80 S. Ct. 1048, 4 L.Ed.2d 1142. From this opinion and the meager record available we discern the following facts: On June 9, 1958, and prior thereto the appellant was confined in the Marion Correctional Institution, at Marion, Ohio. On that date the district judge for the Northern District of Ohio, Western Division, denied the appellant's application for leave to file a petition for a writ of habeas corpus in forma pauperis. Leave to appeal to this Court in forma pauperis was also denied. The Supreme Court then granted him leave to proceed in forma pauperis and granted certiorari.

One of the claims of the appellant in the Supreme Court was that the Ohio Supreme Court did not provide him, as an indigent criminal defendant, an adequate remedy for the prosecution of an appeal from his conviction without payment of docket fees. This the Court held was a denial of a federal constitutional guarantee of the equal protection of the laws. Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209. The Court ruled that the District Court should suspend hearing on the petition for a writ for a reasonable time until the appellant could make a reapplication to the Supreme Court of Ohio for a review of his criminal conviction. The Court ruled further that after a review by the Supreme Court of Ohio the district judge could consider, in the posture in which the case then stood, the appellant's other claims for collateral relief.

The Supreme Court of Ohio, on April 26, 1961, dismissed the appellant's case then pending for the reason that the appellant was released from custody upon the expiration of his sentence. (Roy Douglas, Appellant v. Lamoyne Green et al., Appellees, No. 36862.) The records in the case now before us show that the appellant was released on January 26, 1961.

At the time of the filing of the complaint for declaratory judgment, now before us, the appellant was confined in the Ohio State Penitentiary on conviction of a crime wholly unrelated to the one involved in these proceedings. As best we can understand from a maze of language and legal jargon in the appellant's complaint and briefs, he wants a declaration that the conviction which is the subject of this action is null and void. In the alternative he wants a hearing in the District Court on the original petition for writ of habeas corpus as ordered by the Supreme Court.

The state claims in this case that the appellant never sought further appeal in the Supreme Court of Ohio after the per curiam opinion of the Supreme Court. This is supported by a certificate of a deputy clerk of that court under date of November 8, 1963, that no motion for leave to appeal from his criminal conviction was filed by Roy Douglas. Douglas denied this and claims that he did file such a motion.

■■ The case dismissed by the Supreme Court of Ohio on April 26, 1961, appears from the title to have been a habeas corpus action. Such a case would have become moot after appellant's release. Likewise, any claims in the original action for habeas corpus in the District Court relative to illegal confinement have become moot. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963; Zimmerman v. Walker, 319 U.S. 744, 63 S.Ct. 1027, 87 L.Ed. 1700; Tornello v. Hudspeth, 318 U.S. 792, 63 S.Ct. 990, 87 L.Ed. 1158. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285.

There are no facts alleged in the complaint from which a determination could be made that the judgment of conviction in question here is null and void. We conclude that the district judge properly dismissed the complaint for the reasons above stated.

Judgment of the District Court is affirmed.

The appeal herein having been decided on its merits the motion of the appellee to dismiss the appeal is hereby denied.