**James Daniel MEBANE, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–44–D.**

United States District Court
W. D. Virginia,
Danville Division.

Sept. 15, 1967.

Reno S. Harp, III, Asst. Atty. Gen., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by James Daniel Mebane, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on August 8, 1967.

The facts of the case are as follows:

On January 11, 1962, a warrant was issued against the petitioner charging him with the crime of breaking and entering. Petitioner was arrested and indicted for that offense by the grand jury of the Circuit Court of Halifax County during the March term, 1962. Bail was set at $50,000. Having waived trial by jury, the petitioner was tried to the court without a jury on March 27, 1962. Petitioner was represented by counsel and entered a plea of not guilty. The court found petitioner guilty of breaking and entering and sentenced him to four years in the Virginia State Penitentiary.

Petitioner did not take an appeal from this conviction. He, however, sought state habeas corpus relief which was denied on September 1, 1966 after a plenary hearing before the Circuit Court of Halifax County. On April 26, 1967, the Supreme Court of Appeals of Virginia denied petitioner's application for a writ of error to this judgment.

Further, on May 15, 1962, the petitioner was also convicted of grand larceny by the Circuit Court of Pittsylvania County, Virginia, and sentenced to five (5) years in prison. This sentence was ordered to run consecutively to the sentence for breaking and entering, above mentioned, giving petitioner a total sentence of nine (9) years.

Petitioner here has petitioned for habeas corpus relief from the four year sentence for breaking and entering imposed by the Circuit Court of Halifax County, Virginia. According to the official prison records of the Virginia State Penitentiary, petitioner's sentence began to run on January 16, 1962. During 1964 petitioner escaped and, upon his recapture fifteen months later, he was sentenced to an additional eighteen months. Nine months of the eighteen months added to his sentence for his escape were suspended. Therefore, petitioner's original sentence of four years for breaking and entering, plus nine months for escape, totals four years and nine months, and in light of the fact that the four year and nine month sentence from which petitioner is seeking relief commenced running on January 16, 1962, it is obvious that now petitioner's sentence for breaking and entering has expired.

He is now being detained pursuant to his conviction for grand larceny in the Circuit Court of Pittsylvania, Virginia, not his conviction for breaking and entering. Petitioner is not being detained under the judgment he is attacking. It is clear under these circumstances that habeas corpus relief is not available to test the legality of a sentence that has been fully served. His petition is moot. Douglas v. Green, 333 F.2d 73 (6th Cir. 1964); Midgett v. Warden, 217 F.Supp. 843 (D.C.Md.1963) aff'd Midgett v. Warden, 329 F.2d 185 (4th Cir. 1964). Petitioner's remedy, if he is in good faith

and wishes to pursue it, is to challenge the legality of his detention under the judgment rendered by the Circuit Court of Pittsylvania County for grand larceny.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.