239 So.2d 364

**GORDON FINANCE COMPANY, Inc.**

**v.**

**Oliver CHAMBLISS.**

No. 50796.

Sept. 30, 1970.

Writ refused. On the facts found by the Court of Appeal, the result is correct.

239 So.2d 364

**STATE of Louisiana ex rel. Kenneth McNEELY**

**v.**

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary et al.**

No. 50876.

Sept. 30, 1970.

Not considered. An application identical to the one now pending was previously denied by both our state district court and this court, upon a determination that a writ of habeas corpus was not warranted after a consideration of the application and attached documents. La.C.Cr.P. Art. 354. Relator then filed the same application in federal district court. There a federal district judge, who apparently had a view contrary to that of our state courts and believed an evidentiary hearing should be held, retained jurisdiction over the application but "requested" or ordered the *state* district court to hold the evidentiary hearing. The state courts make our own determination as to whether a relator is entitled to an evidentiary hearing in an application for writ of habeas corpus. The federal district court may hold its own evidentiary hearing. 28 U.S.C.A. § 2254. It has neither the right nor the power to order a state district court to hold such a hearing on a writ application pending in a federal court. While we are appreciative that in most instances the federal district courts require applicants for writ of habeas corpus to have exhausted their remedies in the state courts, our determination that an evidentiary hearing is not warranted is a final disposition of the application by the state courts; and if the federal court makes a contrary determination, it may use its own personnel and money in the exercise of its jurisdiction.