440 F.2d 383
 Allen L. LAMAR, Petitioner-Appellant,
v.
118TH JUDICIAL DISTRICT COURT OF TEXAS, Respondent-Appellee.
No. 31084 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 1, 1971.
 
 Allen L. Lamar, pro se.
 Crawford C. Martin, Atty. Gen. of Texas, Larry J. Craddock, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant filed a petition in the district court for a writ of mandamus directing the 118th Judicial District Court of Texas to grant him 'access to state pleadings and testimony' and to act upon his petition for the writ of habeas corpus pending in that court. The district court dismissed the petition and we affirm.
 
 
 2
 The district court, 318 F.Supp. 285, found appellant's allegations to be vague and conclusory. Rule 12, Fed.R.Civ.P. We agree. Appellant failed to allege facts on which to base relief, and failed to state exactly what relief he desired.
 
 
 3
 Further, federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. Haggard v. Tennessee, 6th Cir. 1970, 421 F.2d 1384; Clark v. Washington, 9th Cir. 1966, 366 F.2d 678; Rines v. Pennsylvania, E.D.Pa.1968, 285 F.Supp. 391. The judgment below is affirmed.
 
 
 4
 Affirmed.