James Charles **ANDERSON**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 71-1475.

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1972.

James C. Anderson, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Howard M. Fender, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

ON PETITION FOR REHEARING

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The opinion of this Court dated January 21, 1972 is withdrawn. Immediately prior to the issuance of this opinion the petitioner-appellant lodged with the Clerk of this Court copies of papers assertedly filed in the District Court of Dallas County, Texas and in the Texas Court of Criminal Appeals, which sought habeas corpus relief on substantially the identical bases advanced in the present United States District Court proceedings. After the opinion was published these matters were brought to the Court's attention. We treat their filing as a Petition for Rehearing.

In view of this filing and the fact that the memorandum order and judgment of the court below was based upon information informally conveyed to the district judge by appointed counsel, we deem the interests of justice to require that the cause be remanded to the district court with directions to hold an evidentiary hearing to determine whether Texas post-conviction procedures have been exhausted as to petitioner's allegations of denial of counsel at the time of his confession and ineffective assistance of counsel at the time of trial. The Clerk of this Court is directed to forward to the Clerk of the district court all papers lodged by petitioner, for the district court's use in connection with such hearing. If it appears that such State court procedures have exhausted petitioner's post-conviction remedies, the district court is directed to vacate its order and proceed with the determination of petitioner's right to federal habeas corpus relief. If it appears that post-conviction remedies of the State of Texas have not been exhausted, the district court is directed to supplement the record before this Court with the record developed, as directed herein.

Remanded with directions.