**Harry GREEN, Petitioner-Appellant,**

v.

**Dr. George BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 72–1420**

**Summary Calendar.***

United States Court of Appeals.
Fifth Circuit.

May 23, 1972.

Rehearing Denied June 13, 1972.

---

* ▇ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Harry Green, pro se.

Crawford Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the District Court denying the petition of a Texas state prisoner for the writ of habeas corpus. We affirm.

■ Appellant is presently serving an 18-year sentence for possession of narcotics. The conviction was affirmed on direct appeal. Green v. State, Tex.Cr. App.1970, 451 S.W.2d 893. As grounds for relief appellant contended that the Trial Court erred in refusing to grant a mistrial after the prosecutor made improper remarks during his closing argument. He also contended that evidence was introduced which was seized under an invalid search warrant. Finally, appellant contended that the prosecution circumvented the court's pretrial order to produce the search warrant when it produced a warrant and affidavit different from the one used at the actual trial. Appellant alleged that the defense constructed around the warrant produced had to be abandoned, leaving him no time to study and defend against the warrant introduced.

■ The record reveals that the last stated issue is presently under consideration in the Texas Court of Criminal Appeals, on the appellant's motion for post-conviction relief under Article 11.07, Texas Code of Criminal Procedure. This Court has consistently required that state remedies be exhausted as to all issues raised in a federal habeas corpus petition. 28 U.S.C. § 2254; Burroughs v. Wainwright, 5 Cir., 1972, 454 F.2d 1165; Anderson v. Beto, 5 Cir., 1972, 456 F.2d 1303; Johnson v. Wainwright, 5 Cir., 1971, 453 F.2d 385. Clearly, appellant's state remedies have not been exhausted.

Affirmed.