Norman CLARK, Jr., Plaintiff-Appellee,

v.

C. Murray HENDERSON, Warden,
Defendant-Appellant.

No. 72–1765

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 8, 1972.

* Rule 18, 5 Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Company of
New York et al., 5 Cir. 1970, 431 F.2d
409, Part I.

1. See Louisiana ex rel. McKneely v. Hen-
derson, 1970, 256 La. 869, 239 So.2d 364,

Maurice R. Franks, Louise Korns, Asst. Dist. Attys., New Orleans, La., for defendant-appellant.

Norman Clark, Jr., pro se.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This appeal by the State of Louisiana is from an unheralded federal court decree in a state prisoner habeas corpus case that the controversy be referred to the state habeas judge, with that judge, a non-party, being ordered to reconsider his ruling within sixty days and to inform the federal court of his findings and conclusions. We stayed the order pending appeal. Meanwhile, the federal decisional process with respect to the merits of the application of the state prisoner for habeas has been suspended.[1] This is true despite the fact that his state remedies have been exhausted, thus making a federal forum available to him under the statute. 28 U.S.C.A. § 2241. The matter is now before us on the record and briefs for final decision.

Granting the importance to Louisiana of the question presented, we find, upon consideration of the record, that we cannot make a final determination. This is for the reason that the appeal was not timely filed within the 30 day requirement of Rule 4(a), Federal Rules of Appellate Procedure, and the appeal must therefore be dismissed.

Appeal dismissed.

where the Louisiana Supreme Court in a somewhat similar situation affirmed the refusal of a state trial court to carry out the "request" or "order" of a federal district court that a state evidentiary hearing be held.