James Charles ANDERSON, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–2209

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1972.

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

James Charles Anderson, pro se.

Crawford Martin, Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, COLEMAN, and INGRAHAM, Circuit Judges.

PER CURIAM:

This case returned to this Court after having been remanded to the district court for a determination of whether state remedies have been exhausted. Anderson v. Beto, 5th Cir. 1972, 456 F.2d 1303.

The district court having failed to make that determination, we once again remand.

Appellant is a Texas state convict serving a life sentence for murder with malice. The conviction was affirmed on direct appeal in Anderson v. State, Tex. Cr.App.1965, 391 S.W.2d 732. A petition for habeas corpus pursuant to Article 11.07, Vernon's Ann.Tex.C.Crim.P., was denied by the trial court without a hearing. The Court of Criminal Appeals also denied relief without a written opinion. Appellant then filed his habeas petition in the court below alleging that upon arrest he was not taken before a magistrate and apprised of his rights, and that his guilty plea was coerced. The district court appointed counsel who filed an amended petition alleging as additional grounds for relief that applicant was denied counsel at the time he made his confession and that he was without effective assistance of counsel at his trial. At a pretrial conference it was brought out that these latter allegations had not been presented to any state court. On that basis, the district court dismissed the petition without prejudice, with leave to reapply after exhausting state remedies.

On appeal this Court intially affirmed the judgment below. However, appellant filed papers in this Court showing that he had filed a new habeas petition in the state trial and appellate courts raising those issues concerning counsel not previously presented to state courts. Treating the filing of those papers as a petition for a rehearing this Court withdrew its earlier opinion and substituted an order remanding the case to the district court for an evidentiary hearing to determine whether state remedies had been exhausted, Anderson v. Beto, supra.

On remand, the district court found, without the benefit of an evidentiary hearing or further pleadings, that the issue concerning ineffective counsel had previously been presented to the state courts, but that relief had been denied without an evidentiary hearing. The district court ordered the state trial court to appoint counsel for appellant and to hold an evidentiary hearing on the issues involving counsel.

The district court has failed to follow the mandate of this Court. The court below made no inquiry .into the status of appellant's petitions allegedly pending in the state court and failed to determine whether state remedies had been exhausted as to all issues. Instead the court, exceeding its authority, ordered the state to hold an evidentiary hearing. Title 28 U.S.C. § 1651 empowers a federal court to mandamus a state court only in aid of its own jurisdiction. Lamar v. 118th Judicial District Court of Texas, 5th Cir. 1971, 440 F.2d 383, 384; Haggard v. State of Tennessee, 5th Cir. 1970, 421 F.2d 1384; Clark v. State of Washington, 9th Cir. 1966, 366 F.2d 678. Such is not the case here.

The district court having failed to follow the directions on remand, the judgment below is vacated and the cause once again remanded for compliance with this Court's earlier mandate.

Vacated and remanded.