Weldon Clark **DIXON**, Petitioner-
Appellee,

v.

Dr. George J. **BETO**, Director, Texas Department
of Corrections, Respondent-
Appellant.

No. 72-2732
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1973.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc.
v. Citizens Casualty Co. of New York,
et al., 5 Cir., 1970, 431 F.2d 409.

Crawford Martin, Atty. Gen., Austin, Tex., for respondent-appellant.

Weldon Clark Dixon, pro se.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is the second appeal from the United States District Court for the Northern District of Texas where the district court ordered the state court to hold an evidentiary hearing in a habeas matter involving a state prisoner. In Anderson v. Beto, 5 Cir., 1972, 469 F.2d 1076 [dated November 27, 1972], we held that the district court exceeded its authority in so doing. We make the same holding here. Cf. also Clark v. Henderson, 5 Cir., 1972, 465 F.2d 888.

The exhaustion of state remedies doctrine, Ex Parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), is based on principles of comity to afford the state courts the first opportunity to pass on the claims of state prisoners that they were deprived of federal constitutional rights in connection with their restraint. Once state remedies are exhausted, it is the duty of the federal courts to pass on such claims. The federal courts are not empowered to order the state courts to make remedies available nor are they authorized to dictate the type of hearing which is to be conducted by the state courts.

Reversed and remanded for proceedings consistent herewith.