Eugene RUSSELL, Petitioner-Appellant,

v.

Honorable Judge Lamar KNIGHT, Superior Court of Troup County, Ga., Respondent-Appellee.

No. 73-1701

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1973.

Eugene Russell, pro se.

Eldridge W. Fleming, Dist. Atty., Coweta Judicial Circuit, Carrollton, Ga., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

It is ordered that the dismissal of this petition for writ of mandamus be vacated and the case remanded for further consideration by the District Court.

After conviction for arson in a Georgia state court, petitioner, Eugene Russell, on September 18, 1972, filed a notice of appeal and a motion to proceed *in forma pauperis* dated September 11, 1972. In an order dated September 22, 1972, respondent, the Honorable Lamar Knight, Judge, Superior Court of Troup County, Georgia, holding that petitioner was not an indigent, ruled as follows:

It is therefore considered ordered and adjudged that the application to proceed in forma pauperis is hereby denied. The appeal is therefore dismissed.

The *pro se* defendant then filed another notice of appeal dated September 27,

---

* Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1972. On November 3, 1972, Judge Knight dismissed this appeal by an order which provided:

> [T]his Motion was dated September 27, 1972. It is, therefore, appearing on the face of the record, that motion was filed too late.

Petitioner subsequently brought a petition for writ of mandamus in the Northern District of Georgia, alleging denial of his right of appeal. Judge Knight responded to the District Court's show cause order with a pleading which showed that petitioner's September 27 notice was untimely and that petitioner was not an indigent at the time of the trial. The District Court thereupon dismissed the petition and this appeal followed.

Although this Court has been handicapped by the failure of either the respondent, or anyone on behalf of the State, to file a brief on this appeal, it appears from the record before us that the order dated September 22, 1972, dismissed petitioner's appeal because he did not qualify as a pauper. Neither Judge Knight's response to the District Court's show cause order, nor the District Court order dismissing the appeal, evidences any consideration of the *pro se* notice of appeal filed with petitioner's pauper application. References to untimeliness in the disposition of this case, both in state and federal court, apparently relate to the second notice of appeal.

Although federal courts have no general power to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought,[1] petitioner's pleading, styled as a petition for writ of mandamus, may be construed liberally and treated as one for writ of habeas corpus.[2] Habeas corpus relief is appropriate for an unconstitutional denial of the right of appeal.[3] On remand, the District Court should reconsider petitioner's claim for relief in the light of this order, conduct such hearings as it may deem appropriate, and should determine whether petitioner has exhausted his state remedies if the petition is to be treated as a petition for writ of habeas corpus.

Vacated and remanded.

---

1. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Anderson v. Beto, 469 F.2d 1076 (5th Cir. 1972); Lamar v. 118th Judicial District Court, 440 F.2d 383 (5th Cir. 1971).

2. *Cf., e. g.*, Wooley v. Consolidated City of Jacksonville, 433 F.2d 980 (5th Cir. 1970), cert. denied, 407 U.S. 924, 92 S.Ct. 2451, 32 L.Ed.2d 811 (1972); May v. Georgia, 409 F.2d 203 (5th Cir. 1969).

3. *See* Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Douglas v. Green, 363 U.S. 192, 80 S.Ct. 1048, 4 L.Ed. 2d 1142 (1960); Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L. Ed. 215 (1951).