SCHWARTZ, Judge
(specially concurring).
I concur specially in the court’s judgment for the purpose of explaining the reasons for my conclusion that Fla.R.Crim.P. 3.191(g) does not require reversal. That section provides:
(g) Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the State or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time. [e. s.]
Beckham argues that the 90 day period began to run on February 26, 1980, when the trial court received the order of the federal district court. In my judgment, this contention is incorrect. While the federal court may well have been a “reviewing court,” its order conditionally granting ha-beas corpus was not the one “which ma[de] possible a new trial for the defendant.” Although the district court could, as it did, order that Beckham be released if he were not granted a new trial, see Pressley v. Wainwright, 367 So.2d 222 (Fla.1979) (England, C. J., dissenting), it had no authority or power to order that the new trial actually be conducted or, indeed, directly to require any action whatever by the lower court. See Pierre v. United States, 525 F.2d 933 (5th Cir. 1976); Wallace v. Havener, 552 F.2d 721 (6th Cir. 1977), cert. denied, 434 U.S. 940, 98 S.Ct. 433, 54 L.Ed.2d 300 (S.Ct.1977); Dixon v. Beto, 472 F.2d 598 (5th Cir. 1973); Anderson v. Beto, 469 F.2d 1076 (5th Cir. 1972). It is therefore clear that the Florida case was not itself reopened, a new trial was not “ma[de] possible,” and the terms of our speedy trial rule did not become activated until May 28, 1980, when the 'circuit court set aside the *452 prior judgment and sentence. See also, State v. Andrews, 376. So.2d 9 (Fla.1979), which holds “that rule 3.191 requires that a defendant be taken into state custody in order to start the speedy trial times expressed in the rule.” Since the motion for discharge was filed less than 90 days thereafter on June 10, 1980, it was properly denied under Fla.R.Crim.P. 3.191(g).[1]

. Since, for the same reasons, the 60 day period provided under rule 3.191(a)(2) could not have commenced until May 28, the written speedy trial demand filed on February 22, 1980 was ineffectively premature.