[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-5034
_____

D. C. Docket No. 96-8335-CIV-JAG

IN RE: BETHESDA MEMORIAL HOSPITAL, INC.,

Petitioner.

_____

Petition for Writ of Mandamus to the United States District Court
for the Southern District of Florida
_____

**(September 26, 1997)**

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit Judge.

BARKETT, Circuit Judge:

Upon reconsideration, this court, sua sponte, VACATES its prior order in this matter and substitutes the following in its place:

We are asked to review a sua sponte order of the district court remanding this proceeding to state court. The central issues presented are whether this Court's review is barred by the operation of 28 U.S.C. § 1447(d) and, if not, whether the untimely remand was proper. We conclude that we may review the remand order and, because the federal removal statute, 28 U.S.C. § 1441 et seq., does not permit a district court to enter an untimely order to remand a case based on a procedural defect, we reverse and remand.

**PROCEDURAL POSTURE**

This case came to us as a petition for a writ of mandamus. However, the parties did not address the Supreme Court's opinion in Quackenbush v. Allstate Ins. Co., 116 S.Ct. 1712 (1996). That case holds that a district court's order to remand a case to state court is a final judgment that can be reviewed on direct appeal. Id. at 1720. A writ of mandamus is unavailable where there is another means to obtain adequate review. See Helstoski v. Meanor, 442 U.S. 500, 505 ("The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it.")(1979) quoting Ex parte Rowland, 104 U.S. 604 (1881). Therefore, the correct means for the petitioner to obtain review in the case at hand is by direct appeal. See Ariail Drug. Co., Inc. v. Recomm International Display, Ltd., -- F.3d --, (96-6570) *2 (11th Cir. No. 96-6570 1997).[1] As Ariail Drug Co. notes, Quackenbush thus overrules this circuit's cases holding that mandamus is the proper vehicle to review remand orders. However, precedent permits us to treat the petition for the writ of mandamus as a direct appeal, and we do so here. See Helstoski, 442 U.S. at 507 n.4; Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Clorox Company v. United States District Court for the Northern District of California, 779 F.2d 517, 520 (9th Cir. 1985). See also Suaraz-Valdez v. Shearson Lehman/ American Express, Inc., 858 F.2d 648, 649 (11th Cir. 1988); Piambino v. Bailey, 757 F.2d 1112, 1115 n. 2 (11th Cir.1985), cert. denied sub. nom. Hoffman v. Sylva, 476 U.S. 1169 (1986); Dobard v. Johnson, 749 F.2d 1503, 1508 (11th Cir.1985); Fernandez-Roque v. Smith, 671 F.2d 426, 430-31 (11th Cir.1982); Huckeby v. Frozen Food Exp., 555 F.2d 542, 549 n. 14 (5th Cir.1977); Kaplan

---

[1] Other circuits interpreting Quackenbush have reached the same result. See Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996) (allowing direct appeal, rather than petition for writ of mandamus, where district court remanded pursuant to 28 U.S.C. §1367(c) for lack of supplemental jurisdiction); Pennsylvania Nurses Association v. Pennsylvania State Education Association, 90 F.3d 797, 800 (3rd Cir. 1996) cert. denied 117 S.Ct.947 (1997) (same). But cf. In re Excel Corporation, 106 F.3d 1197 (5th Cir. 1997) cert. filed 66 USLW 3085 (1997) (granting writ of mandamus to reverse district court's non-abstention based remand to state court).

<u>v. Missouri Pacific Railroad Co.</u>, 629 F.2d 337 (5th Cir. 1980).


**BACKGROUND**

On April 29, 1996 the plaintiff, Virginia Edwards, filed an employment discrimination suit against Bethesda Hospital, Anesthesia Associates and Dr. James Fraser in the Circuit Court of the Fifteenth Judicial Circuit In and For Palm Beach County. She alleges a violation 42 U.S.C. § 1981, a violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, located at 42 U.S.C. §§ 2000e et seq. as well as a violation of 42 U.S.C. § 1981a.

As a result of the existence of the two questions of federal law raised on the face of the complaint, Bethesda filed for removal in the United States District Court for the Southern District of Florida on May 16, 1996. The petition for removal resulted in Case No. 96-8335-CIV and was assigned to Judge Gonzalez.

Subsequently, on May 17, 1996, defendant Fraser filed and served his own petition for removal with the United States District Court for the Southern District of Florida. That petition resulted in Case No. 96-8342-CIV and was assigned to Judge Ferguson. Fraser also filed a notice of appearance in Case No. 96-8335 CIV on May 23, 1996.

Thereafter, on May 20, 1996, defendant Anesthesia Associates, Inc., improperly filed a Notice of Adoption And Joinder In Petition For Removal in the Circuit Court of the Fifteenth Judicial Circuit In and For Palm Beach County (where the complaint was initially filed). The notice should have been filed in the United States District Court.

On June 19, 1996, thirty-four days after removal to federal court, Judge Gonzalez <u>sua sponte</u> entered a final order remanding Case No. 96-8335 to the state court, citing the failure of all defendants to either join in Bethesda's petition for removal or manifest their consent thereto. Based on the same grounds contained in Judge Gonzalez's order, Edwards moved the Court in Case No. 96-8342 to remand the case to state court. The motion was granted by Judge Ferguson. This petition asks us to review only the propriety of the order entered by Judge Gonzalez in Case No. 96-

3

8335.

**DISCUSSION**

We first must determine if we have jurisdiction to review the district court's remand order. Under 28 U.S.C. § 1447(d), "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The broad sweep of this language was limited by the Supreme Court in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976), which held that "only remand orders issued under § 1447(c) and invoking the grounds specified therein...are immune from review under §1447(d)."

In turn, 28 U.S.C. § 1447(c)(1994) reads in relevant part:

> A motion to remand the case on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c)(1994). As this circuit has interpreted this language, a remand order is reviewable if and only if it is openly based on grounds other than (1) lack of district court subject matter jurisdiction; or (2) a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure. See New v. Sports and Recreation, Inc., 114 F.3d 1092, 1096 (11th Cir. 1997) (stating that "a district court does not have to expressly state its reliance on section 1447(c) to preclude appellate review . . . . Rather, a district court must openly state its reliance on grounds other than those contained in section 1447(c) to permit review of the remand order.") Our review is therefore barred only if the appeal addresses one of these grounds for remand. We are persuaded that the district court in this case clearly relied on grounds other than those contained in §1447(c).

In In re Ocean Marine Mut. Protection and Indem. Ass'n., Ltd, 3 F.3d 353 (11th Cir. 1993), this court held that §1447(d) precluded our review of a remand order based on a *timely* motion to remand for procedural defects (i.e. a motion filed within thirty days of the notice of removal). We specifically reserved the question of whether we could review a remand order based on an *untimely*

4

motion to remand for defects in the removal procedure. Id. at 355, n.3. Until today, we have not

ruled on this question. However, the Third, Fifth and Ninth Circuits have held that such remand

orders are reviewable. See Maniar v. F.D.I.C., 979 F.2d 782 (9th Cir. 1992); F.D.I.C. v. Loyd, 955

F.2d 316 (5th Cir. 1992); Air-Shields, Inc. v. Fullman, 891 F.2d 63 (3rd Cir. 1989). We likewise

conclude that because that the district court exceeded the grounds for remand contained in § 1447(c),

§ 1447(d) poses no bar to our review.

Although the remand order in this case is clearly based on a defect in the removal process,[2]

the order is not within the bounds of § 1447(c) because it was issued after the expiration of the

---

[2]The district court remanded the case to state court for failure of all defendants to timely join in or consent to a petition for removal:

> Section 1446(c), Title 28 of the United States Code requires a party seeking removal to
> file a notice of removal listing all grounds which support the federal court's jurisdiction. The removal procedures are strictly construed because of this Court's
> limited removal jurisdiction...All defendants must join in the petition for removal, or a
> statement explaining their absence must be included with the petition for removal...All defendants must join the petition even if the basis for removal is a federal
> question...[In this case] there is simply no explanation for [defendants] absence from the notice of removal...[I]t is hereby ORDERED AND ADJUDGED that this cause be remanded to Circuit Court, Palm Beach County, Florida, and DISMISSED from this Court's Federal docket. It is further hereby ORDERED AND ADJUDGED that because this Court did not have jurisdiction over this cause, any and all previously filed Orders of
> this Court are VACATED.

The failure to join all defendants in the petition is a defect in the removal procedure. See Ocean Marine, 3 F.3d at 356 (failure to comply with rules requiring all defendants to join in removal constitutes a defect in removal procedure); Balazik v. County of Dauphin, 44 F.3d 209, 213 (3rd Cir. 1994) ("[f]ailure of all defendants to join is a 'defect in the removal procedure' within the meaning of 1447(c), but is not deemed to be jurisdictional."); Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990) ("the failure to join all the defendants in a removal petition is not a jurisdictional defect"); In re Amoco Petroleum Additives Co., 964 F.2d 706, 713 (7th Cir. 1992)).

5

thirty-day period to remand provided in the statute. Reading §§ 1447(c) and (d) together, we conclude that an order remanding on procedural grounds either upon an untimely motion or untimely sua sponte order is not authorized by § 1447(c) and is thus reviewable by this court. In short, we have jurisdiction to review this remand order.

We now turn to the propriety of remanding for procedural defects after thirty days of the notice of removal. This presents an issue of first impression in this circuit. However, three other circuits have already addressed the issue and reached similar conclusions. In FDIC v. Loyd, 955 F.2d 316 (5th Cir. 1992), the Fifth Circuit held that the thirty-day time limit for filing a motion to remand imposed by 28 U.S.C. § 1447(c) applies to the court as well as to the parties. After a thorough review of the history of § 1447(c), the court reasoned that the congressional intent of § 1447(c) was to prevent "the shuffling [of] cases between state and federal courts after the first thirty days" based on purely procedural defects when each court has subject matter jurisdiction. Loyd, 955 F.2d at 322 (citing H.R. Rep. No. 889, 100th Cong., 2d Sess. 72 (1988). This reasoning is supported by the plain language of 28 U.S.C. § 1447(c), which states that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (1994).

We are persuaded that the reasoning in Loyd and adopted by the Third and Ninth Circuits is correct.[3] We find that the term "motion to remand" in § 1447(c) includes a district court's sua sponte remand. Assuming without deciding that a district court may remand sua sponte for defects in the removal process, we hold that it is bound by the thirty-day limit. The district court filed its remand order on June 19, 1996, thirty-four days after the filing of the removal petition. The court acted outside of its statutory authority by remanding for a procedural defect after thirty days of the

_____

[3] See Air-Shields and Maniar, in which the courts held that a district judge cannot sua sponte remand a case for procedural defects after thirty days have expired from the filing of the petition for removal. These courts reserved the question of whether the district court had the authority to sua sponte remand within the thirty-day period.

6

notice of removal.  Accordingly, we  REVERSE the district court's order and REMAND this case for proceedings consistent with this opinion.