**Thomas Arthur ALEWINE,
Petitioner,**

v.

**STATE OF MISSOURI,
Respondent.**

Civ. A. No. 20008-3.

United States District Court,
W. D. Missouri, W. D.

April 24, 1972.

Arch M. Skelton, Springfield, Mo., for petitioner.

Kenneth M. Romines, Asst. Atty. Gen. of Mo., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict presently confined in the Missouri State Penitentiary, filed, by his attorney, his second amended petition for federal habeas corpus on February 7, 1972. Petitioner seeks an adjudication that his state court conviction was secured in violation of his federal constitutional rights. Petitioner was granted leave to proceed in forma pauperis in this Court's show cause order of February 11, 1972. A response to the show cause order and petitioner's traverse to the response have been filed.

The petitioner is in custody under a judgment of the Circuit Court of Greene County, State of Missouri, in which he was convicted of burglary and stealing. Petitioner states that he was convicted by a jury of the above offenses; that his sentences were imposed August 27, 1970, for a period of two years for each offense to run concurrently; that he appealed the judgments of conviction and imposition of sentences; that the judgments of conviction and imposition of sentences were affirmed by the Supreme Court of Missouri on December 13, 1971 in State v. Alenine, Mo.1971, 474 S.W.2d 848; that he moved the Supreme Court of Missouri for a rehearing, or in the alternative, to transfer to the Court en banc which was overruled, and that he was represented by counsel at his trial, sentencing and direct appeal, but was not represented by counsel at his arraignment and plea on preliminary hearing. The Transcript on Appeal shows that petitioner was granted bail pending appeal. Tr. 200–201.

Petitioner states that he has exhausted the state remedies currently available to him by directly appealing his conviction to the highest court of this state, and by properly raising on that appeal the identical legal and factual contentions which are raised in the petition at bar and securing from that Court, applying current federal standards, adverse rulings on the merits of those contentions and by making no new evidentiary contentions in this Court. Respondent's counsel erroneously agrees that petitioner's currently available state remedies have been exhausted, when in fact and law they have not.

The grounds on which petitioner bases his allegation that the judgment of conviction and imposition of sentence are in violation of his federal constitutional rights are as follows:

(1) Petitioner was not represented by counsel at his preliminary hear-

**1192**

ing in violation of his rights under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

(2) The trial court's instructions to the jury were in violation of petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States because the jury was not required to find beyond a reasonable doubt that petitioner intelligently and understandingly waived his right to remain silent.

(3) Petitioner did not knowingly and understandingly waive his right to remain silent and to have the advice of counsel, and the interrogation did not cease upon petitioner's request for legal counsel.

■ In support of his first ground for relief, that the Missouri Supreme Court erred in denying his appeal because he was not afforded counsel at the preliminary hearing, defendant relies on Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, which held that a preliminary hearing is a critical stage of the criminal process at which the accused is constitutionally entitled to the assistance of counsel. But the preliminary hearing herein was held on December 17, 1969, prior to the effective date of the *Coleman* decision, June 22, 1970. Under the rule of Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202, *Coleman* is therefore not retroactive to apply to petitioner's case. Petitioner's claim in the case at bar is therefore without merit as a matter of law.

■ Petitioner's second contention, that the trial court erred in giving instruction 9 to the jury on the ground that it failed to require that the state prove beyond a reasonable doubt that petitioner waived his right to remain silent, is also without merit. Petitioner cites Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, in support of his contention. In Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d

618, 623, the Supreme Court of the United States spoke to the same issue presented in the case at bar wherein Justice White stated:

"Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), an offspring of Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936), requires judicial rulings on voluntariness prior to admitting confessions. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), excludes confessions flowing from custodial interrogations unless adequate warnings were administered and a waiver was obtained. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), make impermissible the introduction of evidence obtained in violation of a defendant's Fourth Amendment rights. In each instance, and without regard to its probative value, evidence is kept from the trier of guilt or innocence for reasons wholly apart from enhancing the reliability of verdicts. These independent values, it is urged, themselves require a stricter standard of proof in judging admissibility.

"The argument is straightforward and has appeal. But we are unconvinced that merely emphasizing the importance of the values served by exclusionary rules is itself sufficient demonstration that the Constitution also requires admissibility to be proved beyond reasonable doubt . . . [F]rom our experience over this period of time no substantial evidence has accumulated that federal rights have suffered from determining admissibility by a *preponderance of the evidence* (emphasis added)
. . . .

"[W]hen a confession challenged as involuntary is sought to be used against a criminal defendant at his trial, he is entitled to a reliable and clear-cut determination that the confession was in fact voluntarily ren-

dered. Thus, the prosecution must prove at least *by a preponderance of the evidence* that the confession was voluntary." (Emphasis added.)

It is clear as a matter of law, by analogy from the standard announced in *Lego* that the state trial court was not by federal standards required to instruct the jury that they must find beyond a reasonable doubt that in making admissions or confessions the petitioner waived his right to counsel or to refuse to incriminate himself.

The foregoing discussion of the law relating to the first two grounds of relief is included for the information of the state trial court and counsel only and are not required because this petition is hereinafter denied without prejudice because of failure to exhaust state remedies.

Petitioner's final contention is that during custodial interrogation, after petitioner had requested counsel and had made a phone call to Mrs. Ganzer, the mother of petitioner's girlfriend, requesting that she secure counsel for him, the custodial interrogation was continued.

The files and records in this case and the official transcript of the state trial court proceedings show that on April 27, 1970, an evidentiary hearing was held by the state trial court outside the presence of the jury, on petitioner's motion to suppress, during which evidence was introduced by petitioner in an attempt to show that his alleged confession was made without a knowledgeable and understanding waiver of his federal constitutional rights under *Miranda*, to remain silent and to have counsel present.

Petitioner testified that he was advised of his rights, that he understood the nature of his rights and that he signed an acknowledgment of those rights. He further testified that he requested an attorney on "two or three dozen" different occasions, that he asked each of the four deputy sheriffs that questioned him for the assistance of counsel, that he was threatened by the deputy sheriffs but that he made no statement or admissions.

Deputy Sheriff Boatman testified at the evidentiary hearing that petitioner was given the *Miranda* warnings; that petitioner did not request a lawyer while deputy Boatman was present; that petitioner refused to sign a written statement but admitted his guilt in the first part of the afternoon between 12:00 and 6:00 p. m.; and that petitioner was not threatened by any of the deputies during the interrogation.

Deputy Sheriff Wester testified at the evidentiary hearing that petitioner was advised of his Constitutional rights; that petitioner was not threatened with any physical violence; that petitioner did not request the services of a lawyer but that he did ask to call his girlfriend and was allowed to do so; that after the telephone conversation petitioner stated that no one cared about him and would talk to the deputies; and that thereafter, between 1:00 p. m. and 3:00 p. m. of December 3, 1970, petitioner made the alleged confession.

Mrs. Martha Ganzer, the mother of petitioner's girlfriend, testified at the evidentiary hearing that petitioner called her on the telephone from the sheriff's office and requested that she get an attorney for him, that she refused petitioner's request because she "couldn't afford to", and that she could not remember the exact time when she had spoken to petitioner.

After the testimony of Mrs. Ganzer, the Court made its ruling on the motion to suppress "as required by *Jackson* against *Denno*, U.S. Supreme Court." The Court found that the statements given by petitioner to the officers were given voluntarily after petitioner was fully advised of his federal Constitutional rights "under the *Miranda* Case", and denied petitioner's motion.

During the trial and while under a preliminary *voir dire* examination by petitioner's counsel, deputy sheriff Gilmore, who had not testified at the evidentiary hearing on petitioner's motion to suppress, testified in an unclear equivocal manner that petitioner did in fact request the services of an attorney but that the interrogation continued. After the completion of his *voir dire*, counsel for petitioner objected to Gilmore's testimony and moved that Gilmore not be allowed to testify as to any statements made by petitioner while in police custody because Gilmore's testimony showed that the statements of petitioner were not made voluntarily and that the interrogation (in which the state claimed a confession of guilt was made) was conducted in violation of his right to counsel. It was further moved that the prior testimony of deputies Flannigan and Boatman during the course of trial be stricken. The trial court denied each of the motions aforesaid without stating any reason therefor or without further enunciation of any federal Constitutional standard upon which the Court relied.

■■ The testimony of deputy Gilmore was clearly new evidence presented for the first time during trial and was not before the trial court when it made its initial determination of voluntariness after the evidentiary hearing on the pretrial motion to suppress. In light of deputy Gilmore's testimony, the trial court's denial of petitioner's motion to strike during trial, and the lack of a further development of the evidence surrounding petitioner's request for an attorney during his custodial interrogation, it is possible that petitioner did not receive a full and fair evidentiary hearing upon the voluntariness of his in custody confession and waiver of counsel. Therefore, he is and was entitled to a post-trial evidentiary hearing on the issues in which the evidence of deputy Gilmore is heard and considered with the evidence previously heard on the motion to suppress. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Missouri Criminal Rule 27.26, V.A.M.R., is and was currently available for this purpose, but petitioner has not availed himself of this state remedy.[1]

■ The Supreme Court of the United States in Townsend v. Sain, 372 U.S. 293, at page 313, 83 S.Ct. 745, at page 757, 9 L.Ed.2d 770, at page 786, discussing the circumstances when an evidentiary hearing is necessary to afford a full and fair fact hearing, stated that an evidentiary hearing is necessary:

"If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

---

1. When on *voir dire* examination Deputy Sheriff Gilmore testified in an equivocal manner that the interrogation continued without a lawyer present, after petitioner said he wanted to talk to a lawyer, the objection to Gilmore's further testimony concerning the interrogation was denied and overruled by the Court in the following words: "Overruled at this time, Mr. Skelton." (Tr. 119) Thereafter the motion to strike the testimony of Deputies Flannigan and Boatman was "overruled." (Tr. 119) Counsel failed to request a postconviction evidentiary hearing in the state court in which Gilmore's testimony could be considered at any time prior to filing the petition for habeas corpus in this Court. The Rule 27.26 motion could have been filed promptly after the defendant was convicted, and any adverse ruling could have been appealed and possibly heard with the direct appeal. Cf. State of Missouri v. Gray, 478 S.W.2d 654 (Mo.1972).

From the transcript of the state trial court proceedings, it cannot be reliably determined whether in the custodial interrogation petitioner was denied counsel after counsel allegedly was requested, whether there was an effective waiver of counsel at any time during the custodial interrogation, or whether the confession occurred after an effective waiver of counsel and before a belated request for the assistance of counsel, or whether the confession was made after petitioner had made his request for counsel and was denied the request. Therefore, without a full development of the evidence surrounding the confession, this Court is unable to make a determination on the issue of voluntariness.[2]

Because in the absence of exceptional circumstances not stated to be present in the case at bar, petitioner is required to exhaust currently available state remedies before resorting to this Court, petitioner should therefore file a motion to vacate his sentence under Missouri Supreme Court Rule 27.26 including therein a request for a post-trial Jackson v. Denno hearing in the state trial court. Petitioner should also appeal to the State Supreme Court from any adverse decision of the state trial court on his motion or motions. This is true because the state trial court has never been requested to hear and consider in a post-conviction motion the issues of waiver and voluntariness in the light of deputy Gilmore's testimony on the issue considered with the other evidence. After a post-conviction hearing the state trial court should make new findings of fact, enunciate applicable federal standards and decide the question anew.

It is therefore

Ordered that the petition for habeas corpus herein be, and it is hereby, dismissed without prejudice.

---

2. When a waiver of a federal Constitutional right is claimed by the state, the burden of going forward to produce substantial evidence of waiver is on the state, though the general risk of non-persuasion is on the convict. Meller v. Swenson (W.D.Mo.) 309 F.Supp. 519.