**Melvin Leroy TYLER, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 73–1173.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1973.

Decided Aug. 15, 1973.

Mark T. Keaney, St. Louis, Mo., for appellant.

John C. Danforth, Atty. Gen., and Preston Dean, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before CLARK,* Associate Justice, Retired, and HEANEY and BRIGHT, Circuit Judges.

HEANEY, Circuit Judge.

Melvin Leroy Tyler, an inmate of the Missouri State Penitentiary, appeals from the dismissal of his habeas corpus petition by the United States District Court for the Eastern District of Missouri.

On January 18, 1965, Tyler was convicted on guilty pleas to four charges of armed robbery in the Circuit Court for the City of St. Louis, Missouri. He was sentenced on each charge to eight years imprisonment, the terms to run concurrently. Tyler was represented by appointed counsel in these proceedings. While the sentence imposed on him for these convictions has expired, he is currently serving a sentence for an unrelated crime, the punishment for which was enhanced under a habitual criminal statute by the convictions at issue here.

On November 3, 1969, Tyler instituted appropriate post-conviction proceedings pursuant to Missouri Supreme Court Rule 27.26 to vacate or set aside his convictions and sentences arising from the

---

* United States Supreme Court, sitting by designation.

guilty pleas. He contended: (1) that the pleas of guilty were not voluntarily or understandingly made and were not made in compliance with Rule 25.04 of the Missouri Rules of Criminal Procedure, V.A.M.R.; and (2) that he was denied effective assistance of counsel. The state post-conviction hearing court held that the pleas were voluntarily and understandingly made even though not in compliance with Rule 25.04. It also held that Tyler was not denied effective assistance of counsel. The court did, however, set aside the judgment of conviction with respect to one of the four robbery charges.[1] The First Division of the Missouri Supreme Court affirmed the post-conviction court's decision and thereafter, the court denied motions for rehearing and to proceed en banc. Tyler v. State, 485 S.W.2d 102 (Mo.1972).

On October 18, 1972, Tyler filed a petition for a writ of habeas corpus in the United States District Court. He again claimed that he was denied effective assistance of counsel and that his plea of guilty was neither voluntarily nor understandingly made. He also contended that the post-conviction court had set aside the wrong sentence and that there was no basis in the record for the setting aside such sentence. It is unclear from the record as to whether this claim was no basis in the record for set-aside such sentence. It is unclear from the record as to whether this claim We interpret the claim, as finally formu-

lated, to serve both purposes; and with respect to its independent aspect, it would seem that the appellant was asking the District Court to set aside the proper conviction with the result that he would be relieved of both convictions. It is conceded that Tyler had exhausted his state remedies in regard to the first two grounds, but the District Court denied the petition as to all claims on the ground that Tyler had not exhausted his state remedies with respect to the claim that the state court had set aside the wrong sentence. Thereafter, Tyler filed a motion to reinstate his petition with the unexhausted claim deleted and, in the alternative, he sought a certificate of probable cause for an appeal to this Court. The District Court denied both these motions, and Tyler then appealed to this Court for a certificate of probable cause. This was granted on March 15, 1973.

Tyler makes three contentions on this appeal. First, he argues that his claim that the post-conviction hearing court set aside the wrong sentence did not constitute a new issue as to which state remedies had not been exhausted. Second, he contends that even if his claim that the post-conviction hearing court set aside the wrong sentence constitutes a new issue, his state remedies are nevertheless exhausted because, as a practical matter, he cannot present this issue to the Missouri courts. Third, Tyler contends that regardless of whether he

---

1. The origin of this action was that in support of his contentions that the pleas were neither knowingly nor voluntarily made and that he had been denied effective assistance of counsel, Tyler urged that he had been allowed to plead guilty to all of the charges even though he had a good defense as to one of them. During the post-conviction hearing, the attorney, who had represented Tyler in his January 18, 1965, guilty pleas, admitted that shortly after the pleas were entered, one of the state's witnesses informed him that Tyler had not committed one of the four robberies. The attorney, however, did not call this fact to the attention of the court which had previously entered a judgment of conviction against Tyler and sentenced him on all four charges. The victims of

the four robberies were different, and the robberies took place on separate occasions. One of them involved a gas station, another a grocery store and the others, two drug stores—Klosterman's Pharmacy and Modern Rexall Drug. The attorney did not recall precisely which of the charges his client had allegedly been innocent of, though he thought it was the one concerning Klosterman's Pharmacy. No other evidence was put forth as to which charge it was, and the post-conviction court found, in its written findings of fact, that the Klosterman's Pharmacy charge was the one as to which Tyler had a good defense. Accordingly, the court set aside the conviction and sentence on that charge.

has exhausted state remedies as to the claim that the post-conviction court set aside the wrong sentence, the District Court is required to consider his other claims for which state remedies have been exhausted. We discuss these contentions seriatim.

■ There is no merit to the appellant's first contention. At no time in the state proceedings did the appellant contend that the post-conviction court had set aside the wrong conviction. That claim goes to the propriety of the post-conviction court's finding of facts. The appellant's other claims—that his pleas of guilty were not voluntarily or knowingly made, and that he was denied effective assistance of counsel—arose out of events which took place or failed to take place in the earlier state proceeding where the appellant pled guilty. The appellant has exhausted his state remedies as to these two claims. In reviewing those claims, however, it was not necessary for the Missouri Supreme Court to examine whether the post-conviction court had set aside the correct conviction; furthermore, the court was not requested to do so by the appellant. The sole import of the appellant's contention in the state courts, that he was innocent of one of the charges that he was convicted of, was to demonstrate that he had been denied effective assistance of counsel and that his pleas were neither voluntarily nor knowingly made. It was irrelevant for that purpose as to which of the four charges the appellant was indeed not guilty of. In summary, it is clear that the appellant's unexhausted claim is distinct from his exhausted claims; and consistent with the doctrine of comity, the state courts should be given the first opportunity to determine if the post-conviction court set aside the wrong conviction.

■ The appellant's second contention is also without merit. He argues that because he could have raised the claim that the post-conviction hearing court set aside the wrong sentence in his appeal to the Missouri Supreme Court but failed to do so, he is now precluded from raising the issue in the state courts. The Missouri Attorney General submits that the appellant can present this claim in the Missouri courts either by declaratory judgment proceedings or by seeking to have the post-conviction hearing court correct the ruling of which the appellant complains by reopening the Rule 27.26 proceeding. Historically, the Missouri courts have been commendably liberal in their administration of Rule 27.26, and we agree with the Attorney General's interpretation of Missouri law. Thus, we hold that the appellant must exhaust the available state remedies in respect to this claim before seeking federal habeas corpus relief as to it. *Cf.*, Tyler v. Swenson, 440 F.2d 621 (8th Cir. 1971).

■■ We do, however, find merit in the appellant's third contention. This Court, on a number of occasions in the past, has approved the action of District Court judges who have decided the exhausted claims before them while dismissing other claims in the same petition as to which state remedies have not been exhausted. See, *e. g.*, McClain v. Swenson, 435 F.2d 327 (8th Cir. 1970). Yet, at no time have we previously decided whether a District Court is *required* to consider those claims which have been exhausted when the petitioner has also set out grounds for relief which have not been exhausted. After carefully considering and weighing the competing interests, we have resolved here that in the absence of unusual circumstances, District Courts should be required to consider those claims as to which the petitioner has exhausted his remedies even though he also raises unrelated or frivolous claims in his petition as to which he has not exhausted his remedies. See, Hewett v. State of North Carolina, 415 F.2d 1316 (4th Cir. 1969); United States ex rel. Levy v. McMann, 394 F.2d 402 (2nd Cir. 1968). But see, Green v. Beto, 460 F.2d 322 (5th Cir. 1972); Hamilton v. Craven, 350 F.Supp. 1251, 1253 (N.D.Cal.1971) (dictum), aff'd mem., 469 F.2d 1394 (9th Cir. 1973).

The primary arguments advanced against this position are that it does violence to the doctrine of comity and that it fosters piecemeal litigation. The first objection, we believe, is without merit. The exhaustion requirement is not jurisdictional but, instead, it is "merely an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights. * * * ". Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971) (Citation omitted.) By our decision, we do not deprive the state of this first opportunity as we only require the District Court to examine those claims as to which the petitioner has exhausted his state remedies. The second objection, on the other hand, is grounded in the convenience of the federal courts. This interest—the desire to avoid piecemeal litigation—must be balanced against the interests of the prisoner in obtaining prompt consideration of exhausted claims by the federal courts. In our view, justice requires that the balance must be struck in favor of the prisoners seeking relief. See, United States ex rel. Levy v. McMann, *supra*, 394 F.2d at 404–405. We cannot let the convenience alone of the judiciary and governmental agencies postpone review by the federal courts.

The appellant's claim that the state post-conviction court set aside the wrong conviction is, in the sense we use the word here, unrelated to his claims that his pleas of guilty were not voluntarily or understandingly made and that he was denied effective assistance of counsel. The post-conviction court has made it clear that one of the convictions should be set aside because it appeared that Tyler had been allowed to plead guilty to a charge of which he was innocent. It, in substance, held that this fact was not sufficient to grant relief on either of the grounds stated for all four convictions. Regardless of which conviction should have been vacated, the District Court is in possession of all the evidence it needs to make a determination on the exhausted claims; and on remand, it must decide the exhausted claims. However, the District Court might wish to take into account the alleged fact-finding error of the post-conviction court in deciding whether or not it is necessary to grant the appellant a hearing prior to ruling on his exhausted claims.

Affirmed in part, reversed in part, and remanded to the District Court for disposition in accordance with this opinion.