**Gerald Lee MILLER, Petitioner,**

v.

**STATE OF MISSOURI, Respondent.**

**Civ. A. No. 73CV288-W-3.**

United States District Court,
W. D. Missouri, W. D.

Feb. 11, 1975.

Gerald Lee Miller, pro se.

Neil MacFarlane, Asst. Atty. Gen. State of Missouri, Jefferson City, Mo., for respondent.

ORDER DENYING PETITIONER'S "MOTION FOR RELIEF ON HA-BEAS CORPUS BY DEFAULT," DENYING PETITIONER'S MO-TION FOR THE APPOINTMENT OF COUNSEL, AND FINAL JUDGMENT DISMISSING PETI-TION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

This is a petition for a writ of federal habeas corpus by an individual formerly in custody at the Missouri State Penitentiary at Jefferson City, Missouri. Petitioner seeks an adjudication that his conviction and sentence were illegally secured and imposed upon him in violation of his federal constitutional rights. Petitioner requests leave to proceed in *forma pauperis*. Leave to proceed in *forma pauperis* has been granted by prior order of this Court on July 16, 1973.

Petitioner states that he was convicted by a jury in the Circuit Court of Jackson County, Missouri, of first degree robbery; that he was sentenced on that conviction on June 4, 1971, to a term of ten years imprisonment; that he appealed from the judgment of conviction and imposition of sentence to the Missouri Supreme Court, which affirmed the decision of the trial court on Febuary 12, 1973, in Missouri v. Miller, 490 S.W.2d 36 (Mo.Sup.1973); that petitioner has not filed any motion under Missouri Criminal Rule 27.26, V.A.M.R., or any prior habeas corpus petitions in state or federal courts with respect to the conviction and sentence under review herein; and that he was represented by counsel during his arraignment, trial and sentencing, and on his direct appeal to the Missouri Supreme Court.

Petitioner states the following grounds in support of his contention that his conviction and sentence violated his federal constitutional rights:

"(1) Petitioner was illegally arrested, searched, detained and exhibited before an identifying witness in violation of his Constitutional right's; (sic) and has been deprived of Due Process of Law at each and every stage of all proceedings against him in the instant case.

"(2) Petitioner was deprived of his right to Due Process of Law when the Missouri Supreme Court upheld a confrontation proceeding which was irreparably suggestive, unfair, untimely absent of propriety and unjustified by the non-exigency of the situation.

"(3) Petitioner was deprived of his right to Due Process of Law when the witness was permitted to make an in-court identification which had been tainted by an irreparably suggestive, unfair and untimely confrontation proceeding.

"(4) Petitioner is falsely imprisoned as a result of an irreparable mistaken identification; and has suffered gross violation and deprivation of Due Process of Law, at each and every stage of the proceedings in the instant case; the arrest, confrontation-identification, Preliminary Hearing, Trial, Sentencing, and Hearing on Direct Appeal in the Supreme Court of Missouri.

"(5) Petitioner was deprived of a full, fair, and impartial Preliminary Hearing in the Magistrate Court of Livingston County, Missouri; when he was denied the right and opportunity to examine witnesses against him, who were duly subpoenaed and were not excused by said Court; and by false and prejudical testimony given by State witness Kelsie Reeter; and by State witness, Sheriff Reeter being allowed to remain in the Court room and hear all testimony given by all witnesses, and then take the witness stand and testify himself.

"(6) Petitioner was deprived of a fair and impartial trial and Due Process of Law; when the State recalled State witness Kelsey Reeter, in rebuttal, for the sole purpose of and intent to willfully, deliberately, and purposely prejudice the jury against petitioner; and divert the attention of the jury from the facts in issue in the instant case, by use of false, inflammatory, and prejudicial testimony, not relevant to the instant case, causing the jury to purposely convict petitioner; whereby, being an abnegation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

"(7) Petitioner's sentence is illegal, unconstitutional, and contrary to the letter and spirit of the law; and was imposed upon petitioner based on a false, prejudicial and inflammatory Presentence Investigation Report.

"(8) Petitioner was deprived of a full, fair and impartial hearing on Direct Appeal, by the Supreme Court of Missouri, when said Supreme Court handed down a decision based on erroneous assumptions, and not on facts and conclusions of law; and therefore is an abnegation and violation of petitioner's Constitutional right's (sic).

"(9) Petitioner was deprived of his right to Due Process of Law when the Missouri Supreme Court upheld conviction relying on the inconsistant, self disputed testimony of Mr. Herring, as identification of petitioner's brothers 1953 Chevrolet Automobile, as the alleged escape vehicle. (sic)

"(10) Petitioner is falsely imprisoned, contrary to the weight of creditable (sic) evidence, and in violation of his Federally guaranteed right to Due Process of Law, when the Supreme Court of Missouri upheld conviction on the basis of fingerprint evidence insufficient to place petitioner at the scene of the alleged crime, at the time said crime was allegedly committed.

"(11) Petitioner was deprived of his right to Due Process of Law and Equal Protection of the Law, when the Missouri Supreme Court upheld conviction, disregarding the facts and creditable (sic) evidence before said Court; depriving petitioner of a full, complete and fair hearing, and of the right to Court findings of facts and conclusions of law based on facts; whereby, being an abnegation and violation of petitioner's Constitutional Right's (sic) as a citizen of the United States.

"(12) Petitioner is falsely imprisoned in violation of his Constitutional, Federally guaranteed right to "Due Process of Law" and "Equal Protection of the Law", when the Supreme Court of Missouri deprived petitioner of his right to a full, complete and fair hearing, where the facts were in dispute and where petitioner's Federally guaranteed rights' (sic) was raised; and where conviction was upheld by said Court based on an in-court identification which had been tainted by an irreparably suggestive, unfair and un-

timely confrontation proceeding; and based on an in-court identification by Mr. Herring, whose testimony is highly inconstant, (sic) and who has a number or (sic) arrests for misdemeanor's (sic), and shows a defect of capacity to observe, remember or recount matters testified about, as the record clearly indicates and supports, whereby, being an abnegation and violation of petitioner's Constitutional Right's (sic) as a Citizen of the United States."

As facts in support of the above grounds, petitioner has presented twelve, single-spaced typed pages of lengthy supplemental statements, at times referring to the trial transcript, plus various exhibits and affidavits.

On July 16, 1973, this Court entered an order granting the petitioner leave to proceed in *forma pauperis* and directing the respondent to show cause why the petition herein for a writ of habeas corpus should not be granted.

Following the filing of a motion for an extension of time to file a response and the granting thereof by order of this Court on August 8, 1973, counsel for respondent filed herein on that same day his response to the order to show cause, therein stating that petitioner had apparently exhausted his currently available and adequate state court remedies with respect to grounds one, two, three, four and ten. With respect to petitioner's remaining grounds, respondent contends that petitioner has never presented those contentions to any court, either on direct appeal, or by means of a motion under Missouri Criminal Rule 27.26. As part of the response, counsel for respondent attached and submitted photocopies of the following documents: (1) the record of petitioner's trial filed as a transcript on appeal in the Missouri Supreme Court; (2) the brief of the State of Missouri on petitioner's appeal in the Missouri Supreme Court; (3) petitioner's brief on appeal in the Missouri Supreme Court; and (4) the opinion of the Missouri Supreme Court affirming the petitioner's conviction, in the case of Missouri v. Miller, 490 S.W.2d 36 (Mo. Sup.1973).

On August 6, 1973, petitioner filed herein a "Motion for Relief on Habeas Corpus by Default," therein contending that the respondent was not justified in seeking an extension of time to file a response, and that the petition herein should be granted based on such alleged lack of justification.

On August 9, 1973, petitioner filed a "Motion in Response to Respondent's Amended Motion to File Show Cause Out of Time," therein contending that the petition herein should be granted for the reason that respondent has failed to show cause why the petition should not be granted.

On October 9, 1973, petitioner filed herein a twenty-page traverse to the respondent's response to the order to show cause. In his traverse, petitioner basically reiterates the factual and legal contentions in support of his petition.

On November 28, 1973, an order was entered granting petitioner's letter request of October 25, 1973, that an affidavit be filed and submitted to the Court as "Exhibit I."

Thereafter, on January 22, 1974, petitioner filed a "Motion for Appointment of Counsel" in the case at bar, therein contending that the appointment of counsel would benefit the Court and petitioner, and insure that ". . . petitioner's allegations receive fair consideration."

On May 8, 1974, the undersigned received a letter from the petitioner dated May 4, 1974. In his letter the petitioner states that he has been "released on parole to the State of Iowa from the State of Missouri," and that he wishes ". . . to fully exercise [his] rights in pursuing Civil Action No. 73CV288–W–3 to the fullest extent. . . ."

■ Although petitioner has been discharged from immediate physical imprisonment, this petition for a writ of habeas corpus is not moot. Jones v.

Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). While petitioner's release on parole from the Missouri State Penitentiary removed him from physical custody, petitioner's parole imposes conditions which significantly confine and restrain his present freedom. This is sufficient to keep petitioner "in custody" within the meaning of the habeas corpus statute. Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285, 291 (1963); *accord*, Morden v. United States Board of Parole, et al., 376 F.Supp. 226, 231 (W.D.Mo.1974); *see also*, Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Fox v. Dutton, 406 F.2d 123 (5th Cir. 1968), cert. denied, 395 U.S. 916, 89 S.Ct. 1764, 23 L.Ed.2d 229 (1969); Caffey v. Wyrick, 377 F.Supp. 160, 163–164 (W.D.Mo.1974).

On October 3, 1974, an order was entered substituting Donald W. Wyrick, present Warden of the Missouri State Pententiary at Jefferson City, Missouri, as the respondent in his official capacity. In addition, in order to determine whether either party desired to offer any new or additional evidence not contained in the transcript on appeal in Missouri v. Miller, 490 S.W.2d 36 (Mo. Sup.1973), on one or more issues stated in the petition herein, both parties were directed to separately state in writing whether they desired to offer such additional evidence.

Following the filing of a motion by the petitioner for an extention of time to file his response and the grant thereof by order dated October 18, 1974, petitioner filed herein on November 12, 1974, his response to this Court's order of October 3, 1974. In his lengthy response, petitioner delineates ten detailed offers of evidence, referring therein to numerous witnesses and exhibits.

██ Petitioner's "Motion for Relief on Habeas Corpus by Default" will be denied as lacking in merit. In addition, petitioner's rather tardy "Motion for Appointment of Counsel" will be denied for the reason that the present action has been fully processed, and for the additional reason that the present action does not involve complex legal issues which the petitioner cannot comprehend.

Under the provisions of Section 2254, Title 28, United States Code, a state prisoner, in the absence of exceptional circumstances not shown to be present in the case at bar, must fully exhaust his currently available and adequate state court remedies before invoking federal habeas corpus jurisdiction. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1970); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963). Under subsection (c) of Section 2254, Title 28, United States Code, a state prisoner's state court remedies are ordinarily not considered exhausted so long as he may present his contentions to the state courts by "any available procedure."

A careful review of the record presented to this Court discloses that grounds one, two, three, four, and ten were presented, considered, and determined on the merits against the petitioner on his direct appeal to the Missouri Supreme Court. *See*, Missouri v. Miller, 490 S.W.2d 36 (Mo.Sup.1973). However, the remaining grounds and the factual and evidentiary contentions in support thereof have never been the subject of any state post-conviction proceeding. The Missouri state courts have not been provided the opportunity to consider and determine on the merits petitioner's other grounds and factual contentions. In addition, some of the factual contentions which petitioner would have this Court consider in deciding the merits of his petition, as stated in his offer of proof, if admissible would constitute new evidence which had not been presented to the Missouri Supreme Court, the trial court or in a postconviction hearing under Missouri Criminal Rule 27.26.

In prior years, the present petition would probably have been summarily

dismissed for failure to exhaust currently available and adequate state court remedies. However, recent decisions by the United States Court of Appeals for the Eighth Circuit have raised some doubts about dismissals under prior prevailing practices. Thus, recent habeas corpus petitions pending in this Court involving both exhausted and unexhausted grounds have been determined by adjudicating on the merits those claims which have been exhausted, and by dismissing without prejudice those claims which have not been exhausted. *See, e. g.,* Cobb v. Wyrick, 379 F.Supp. 1287 (W.D.Mo.1974); Russell v. Wyrick, 395 F.Supp. 643 (W.D.Mo.1974); Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo., 1974).

Because of the apparent uncertainty of the status of the exhaustion doctrine in this Circuit and the problems related to the application of that doctrine in habeas corpus cases, a brief review of that doctrine as it has developed in the United States Supreme Court and in this Circuit will be set forth hereinafter.

It has been settled since Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L. Ed. 868 (1886) that, in the absence of exceptional circumstances, a state prisoner must exhaust his currently available and adequate state postconviction remedies before a federal court will entertain his petition for a writ of habeas corpus on the merits. *See, e. g.,* Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Nelson v. George, 399 U.S. 224, 229, 90 S.Ct. 1963, 1966, 26 L.Ed.2d 578, 582 (1970); Irvin v. Dowd, 359 U.S. 394, 404–405, 79 S.Ct. 825, 831–832, 3 L.Ed.2d 900, 907 (1959);

Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944). Through numerous decisions by the Supreme Court of the United States, the doctrine of exhaustion of state court remedies was fashioned ". . . whereby full play would be allowed the States in the administration of their criminal justice without prejudice to federal rights enwoven in the state proceedings." Fay v. Noia, 372 U.S. 391, 419, 83 S.Ct. 822, 838, 9 L.Ed.2d 837, 857 (1963) and cases cited therein at footnote 28.

With refinements, the doctrine of exhaustion-of-state remedies is now codified in subsections (b) and (c) of Section 2254, Title 28, United States Code.[1] That Section and the decisions of the Supreme Court reflect a policy of federal-state comity. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L. Ed.2d 438, 443 (1971); Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 838–839, 9 L.Ed.2d 837, 857 (1963); Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455, 461 (1939). This doctrine of comity between courts ". . . teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Fay v. Noia, 372 U.S. 391, 420, 83 S.Ct. 822, 838, 9 L.Ed.2d 837, 857 (1963); Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761, 767 (1950); see also, Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418, 420–421 (1971). The Supreme Court has consistently adhered to this federal policy, for " . . .

1. Subsections (b) and (c) of Section 2254, Title 28, United States Code, provide as follows:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence

of circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, 443 (1971); Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 838–839, 9 L.Ed. 2d 837, 857 (1963); Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761, 767 (1950).

"The rule of exhaustion 'is not one defining power but one which relates to the appropriate exercise of power.'" Fay v. Noia, 372 U.S. 391, 420, 83 S.Ct. 822, 839, 9 L.Ed.2d 837, 858 (1963); Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939); cf. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Douglas v. Green, 363 U.S. 192, 80 S.Ct. 1048, 4 L.Ed.2d 1142 (1960). Once the federal claim has been ". . . fairly presented to the state courts, the exhaustion requirement is satisfied." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, 443 (1971); see, e. g., Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418, 420 (1971); Roberts v. LaVallee, 389 U.S. 40, 42–43, 88 S.Ct. 194, 195–196, 19 L.Ed.2d 41, 43–44 (1967); Brown v. Allen, 344 U.S. 443, 447–450, 73 S.Ct. 397, 402–403, 97 L.Ed. 469, 483–485 (1953).

Although prisoners are not required to file repetitious applications in the state courts, Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418, 421 (1971); Brown v. Allen, 344 U.S. 443, 449 fn. 3, 73 S.Ct. 397, 403, 97 L.Ed. 469, 484 (1953), the exhaustion of state remedies must be an adequate and effective procedure. "If the exhaustion doctrine is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution,' Ex parte Royall, *supra*, 117 U.S., at 251, 6 S.Ct., at 740, 29 L.Ed., at 871, *it is not sufficient merely that the federal habeas applicant has been through the state courts.* The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas corpus proceeding does it make sense to speak of the exhaustion of state remedies." Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L. Ed.2d 438, 444 (1971); *see also* Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 589, 94 L.Ed. 761, 766 (1950); Davis v. Burke, 179 U.S. 399, 401–403, 21 S.Ct. 210, 211, 45 L.Ed. 249, 250–251 (1900). (Emphasis added.)

■ Moreover, the fundamental interests underlying the exhaustion doctrine and the related policy of federal-state comity is the prevention of needless, unnecessary and time-consuming piecemeal litigation. The exhaustion of only one or a few of many grounds in state court and the subsequent presentation of these same grounds in federal court is an abuse of habeas corpus in the absence of exceptional circumstances. This practice results in later state exhaustion of one or more other grounds and the subsequent presentation of such additional ground or grounds in a subsequent federal habeas corpus petition. Such an intentional abuse of habeas corpus has been denounced by the Supreme Court of the United States. In Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148, 163 (1963), the Supreme Court emphasized that "[n]othing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay." Similarly, in Murch v. Mottram, 409 U. S. 41, 45–46, 93 S.Ct. 71, 73, 34 L.Ed.2d 194, 199 (1972), reh. denied, 409 U.S. 1119, 93 S.Ct. 894, 34 L.Ed.2d 704 (1973), the Supreme Court vigorously concluded that "[n]o prisoner has a right either under the Federal Constitu-

tion or under 28 U.S.C. § 2241, to insist upon piecemeal collateral attack on a presumptively valid criminal conviction in the face of such a statutory [state postconviction remedy] provision."

The decisions of the United States Court of Appeals for the Eighth Circuit on the exhaustion question and its proper application have been somewhat ambiguous and inconsistent. In McClain v. Swenson, 435 F.2d 327 (8th Cir. 1970), the Court of Appeals approved the action of a federal district court judge who had decided on the merits the exhausted claim before him, while dismissing other claims in the same petition which had not been exhausted in the state courts. Three years later, the Court of Appeals held, in Tyler v. Swenson, 483 F.2d 611, 614 (8th Cir. 1973), that ". . . in the absence of unusual circumstances, District Courts should be required to consider those claims as to which the petitioner has exhausted his remedies even though he also raises unrelated or frivolous claims in his petition as to which he has not exhausted his remedies."

In the recent case of Blunt v. Wolff, 501 F.2d 1138 (8th Cir. 1974), the Court of Appeals appears to have qualified that Court's decision in the *Tyler* case by concluding as follows:

> "While this court has recognized that under certain circumstances the federal courts on a habeas petition should consider those contentions which have already been exhausted in state proceedings notwithstanding the fact that some issues in the petition have not yet been considered in the state court, *see,* Tyler v. Swenson, 483 F.2d 611 (8th Cir. 1973), that rule is inapplicable here. The unresolved, already exhausted issues presented to the federal district court are *interrelated and intertwined with the unexhausted claim* relating to the failure to furnish Blunt counsel on appeal. We think the correct procedure for us to follow in this case is to permit the state court to have the opportunity to pass on this sixth amendment issue and if the state court finds Blunt's claim is meritorious to afford him full and effective relief unrestrained by any determination made by the federal district court on an issue that can still be presented to the state forum." (Emphasis added.)

Although the Court of Appeals did not specifically state the reasons in the *Blunt* case for the modification of its decision in *Tyler,* the reasons advanced in support of the latter decision should be noted.

In *Tyler,* the Court of Appeals stated that "[t]he primary arguments advanced against this position are that it does violence to the doctrine of comity and that it fosters piecemeal litigation." Tyler v. Swenson, 483 F.2d 611, 615 (8th Cir. 1973). In dismissing these arguments as being without merit, the Court concluded that: (1) the "exhaustion requirement is not jurisdictional but, instead, it is 'merely an accommodation of a federal system . . .'"; and (2) that avoidance of piecemeal litigation is an interest "grounded in the convenience of the federal courts" which, when balanced against the interests of the petitioner in obtaining prompt consideration of exhausted claims by federal courts, ". . . requires that the balance must be struck in favor of the prisoners seeking relief." Tyler v. Swenson, *supra.*

A most recent pronouncement by the Eighth Circuit Court of Appeals on the exhaustion question as applied in this Circuit was made in the case of Smith v. Wolff, 506 F.2d 556 (8th Cir., 1974). In the *Smith* case, the Court effectively found that the Nebraska Supreme Court's failure to (twice) rule on the merits of petitioner's constitutional claims, constituted sufficient exhaustion of the petitioner's adequate and available state court remedies. *See also,* Irby v. Missouri, 502 F.2d 1096 (8th Cir., 1974).

The decisions of this Court have not completely coincided with the conclu-

sions and reasoning in the more recent decisions by the Eighth Circuit Court of Appeals, notably with respect to the *Tyler* case.

In Dixon v. Missouri, 295 F.Supp. 170 (W.D.Mo.1969) and Richardson v. Swenson, 293 F.Supp. 275 (W.D.Mo.1968), this Court held that, in the absence of exceptional circumstances, a federal habeas petitioner challenging the validity of his state conviction must exhaust his state remedies with respect to all of his contentions in support of his attack upon the particular state conviction before his petition is cognizable in federal court. The soundness of the decisions in those and other similar cases by this Court is based upon the following reasons.

First, in the absence of exceptional circumstances, piecemeal exhaustion leads directly to the question of intentional bypassing of adequate and available state court remedies. In Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 848–849, 9 L.Ed.2d 837, 869 (1963) and Murch v. Mottram, 409 U.S. 41, 45–46, 93 S.Ct. 71, 73, 34 L.Ed.2d 194, 199 (1972), reh. denied, 409 U.S. 1119, 93 S.Ct. 894, 34 L.Ed.2d 704 (1973), the Supreme Court held that a knowing withholding of a contention from the state courts could result in the forfeiture by a petitioner of his habeas corpus remedies with respect to that contention. *See also,* Humphrey v. Cady, 405 U.S. 504, 517, 92 S.Ct. 1048, 1056, 31 L.Ed.2d 394, 407 (1972); *accord,* Wilwording v. Swenson, 394 F.Supp. 76 (W.D.Mo. 1973), affirmed, 505 F.2d 735 (8th Cir., 1974); Taggert v. Swenson, 313 F.Supp. 146 (W.D.Mo.1970); Deckard v. Swenson, 335 F.Supp. 992, 996 (W.D.Mo. 1971). Therefore, in order to prevent foreclosure of a petitioner's privilege to raise his unexhausted contention in the future, it appears to be in the best interests of the petitioner for the federal district court, in the absence of exceptional circumstances, to decline to entertain a petition where there is the possibility that the petitioner has knowingly deferred the exhaustion of one or more contentions, in order that he may later present *all* his exhausted contentions to the federal court. *See,* Taggert v. Swenson, 313 F.Supp. 146, 147 (W.D. Mo.1970); *see also,* Becker and Stewart, Prisoner Petition Processing in the Federal Courts by Use of Pattern Forms, Parajudicial Personnel, and Computers, 20 Kans.L.Rev. 579, 613–614 fn. 47 (1972).

The second reason for disapproving piecemeal habeas corpus litigation is to prevent needless, unnecessary and time-consuming waste of state and federal judicial resources. Piecemeal litigation inherently precipitates repetitious review of presumably valid state convictions in habeas corpus cases, thereby wasting judicial time and energy and diverting attention from civil and criminal actions, including post-conviction actions.

If a federal habeas corpus petitioner challenging a state conviction is not required to fully exhaust his currently available and adequate state remedies with respect to all his contentions, a federal district court may be forced to review a state criminal court record not once, but two, three or four times. This is evident in view of the fact that many contentions raised in federal habeas corpus petitions are interrelated and concern trial errors, thereby necessitating review of the full trial transcripts, testimony, and records on appeal. The judicial time and energy necessary to review thoroughly one contention on the merits is often substantially equal to the time and energy necessary to review all contentions that may be raised in a federal habeas corpus petition.

In addition, the unproductive and time-consuming nature of repetitious review of a petitioner's state criminal court record on a piecemeal basis is increasingly difficult considering the magnitude of the habeas corpus caseload burden which this Court bears.

Finally, the position taken by the Eighth Circuit Court of Appeals in the

*Tyler* case is in sharp contrast to recent decisions in other circuits. *See,* Hamilton v. Craven, 350 F.Supp. 1251, 1253 (N.D.Cal.1971), affirmed, 469 F.2d 1394 (9th Cir. 1973); Johnson v. Wainwright, 453 F.2d 385, 386 (5th Cir. 1972); Green v. Beto, 460 F.2d 322 (5th Cir. 1972); Vera v. Beto, 332 F.Supp. 1197 (S.D.Tex.1971); *see also,* Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo. 1974) at footnote eight.

■ Upon considering the standards recently established in this Circuit with respect to the exhaustion doctrine, it is hereby concluded that the present petition for a writ of federal habeas corpus should be dismissed without prejudice for failure to exhaust currently available and adequate state postconviction remedies under the test of Blunt v. Wolff, *supra.* A careful and thorough review of the record presented to this Court discloses that petitioner's exhausted grounds are "interrelated and intertwined" with petitioner's unexhausted grounds. In particular, grounds one, two, three, four and ten have been presented, considered, and determined on the merits against the petitioner on his direct appeal to the Missouri Supreme Court. *See,* Missouri v. Miller, 490 S. W.2d 36 (Mo.Sup.1973). The remaining interrelated and intertwined grounds and factual contentions in support thereof have never been presented to any Missouri court. Grounds eight, nine, eleven and twelve are interrelated to and intermingled with grounds one, two, three, and four. These grounds all concern the weight and admissibility of the identification evidence of Mr. Herring. Ground five and ground ten are also interrelated and intertwined. These two grounds concern the fingerprint evidence and petitioner's complaint that he was unable to examine a state witness who was a fingerprint expert.

Furthermore, in light of petitioner's offer of new and additional evidence, petitioner should be afforded the opportunity to present such evidence in a full and fair evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963). However, before this Court considers the new and additional evidence which petitioner wishes to present in this Court for the first time and the merits of his postconviction contentions, the Missouri courts should first be given the opportunity to hear petitioner's evidence and decide the merits of his contentions in light thereof. Cobb v. Wyrick, 379 F.Supp. 1287, 1294 (W.D.Mo.1974); Aguilar v. Swenson, 351 F.Supp. 907, 910 (W.D.Mo.1972); White v. Swenson, 261 F.Supp. 42, 63 (W.D.Mo. en banc 1966); *see also,* Alewine v. Missouri, 352 F.Supp. 1190 (W.D. Mo.1972); Meller v. Swenson, 335 F. Supp. 1261 (W.D.Mo.1969).

The exemplary postconviction remedy provided by Missouri Criminal Rule 27.-26 is designed to give petitioner a full and fair opportunity to supply the deficiencies in the trial record and present and develop new and additional evidence. Petitioner has made no effort to employ this exemplary remedy. Under these circumstances, it cannot be concluded that the grounds stated in the petition herein and the evidentiary contentions in support thereof have been "fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, 443 (1971); *accord,* Cobb v. Wyrick, 379 F.Supp. 1287, 1294 (W.D.Mo.1974).

All the decisions since November 2, 1966, when Section 2254 was amended, must be considered explications of the provisions of the amendments which include paragraph (b), which reads as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process

ineffective to protect the rights of the prisoner."

Looking to paragraph (b), it appears obvious that (1) petitioner has not exhausted the remedies available under Missouri Criminal Rule 27.26, (2) there is no absence of available state corrective process, and (3) no circumstances exist rendering such process ineffective to protect the rights of the prisoner.

Under the statute, and under the recent construction thereof by the United States Court of Appeals for the Eighth Circuit, *this petitioner who has filed no state postconviction motion and who desires to offer much additional evidence not presented to the State trial court or Supreme Court of Missouri,* is not entitled to bypass the salutary postconviction remedies provided by Missouri Criminal Rule 27.26.

Under the circumstances presented in the case at bar, petitioner has a currently available and adequate state court remedy within the meaning of Section 2254, by means of a motion to vacate his sentence under Missouri Criminal Rule 27.26 in the Circuit Court of Jackson County, Missouri. Brown v. Swenson, 487 F.2d 1236, 1241 (8th Cir. 1973); Bosler v. Swenson, 423 F.2d 257 (8th Cir. 1970); Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967); Collins v. Swenson, 384 F.2d 623 (8th Cir. 1967); Hooper v. Nash, 323 F.2d 995 (8th Cir. 1963), cert. denied, 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768 (1964); White v. Swenson, *supra*: Cobb v. Wyrick, *supra*; Aguilar v. Swenson, *supra.*

Petitioner should therefore file a motion to vacate his sentence under Missouri Criminal Rule 27.26 in the Circuit Court of Jackson County, raising therein all the grounds stated in the petition herein and all evidentiary contentions in respect thereto, and all other grounds known to him for invalidating his state sentence. From any adverse decision of the state trial court on that motion, petitioner should also appeal to the Missouri Supreme Court. In the absence of exceptional circumstances, not stated to be present in the case at bar, only when the Missouri Supreme Court, applying current federal standards and having before it an adequate evidentiary record, has ruled adversely to petitioner on the merits of those contentions, can his state remedies be deemed exhausted for purposes of federal habeas corpus jurisdiction. 28 U.S.C. § 2254; Picard v. Connor, *supra*; Fay v. Noia, *supra*; Baines v. Swenson, *supra*; Bosler v. Swenson, *supra*; Cobb v. Wyrick, *supra*; Aguilar v. Swenson, *supra.*

Therefore, the petition herein for a writ of habeas corpus should be dismissed without prejudice to all grounds asserted and all evidentiary contentions in support thereof for failure of the petitioner to exhaust his currently available and adequate state court remedies.[2]

For all the foregoing reasons, it is therefore

Ordered that petitioner's "Motion for Relief on Habeas Corpus by Default" be, and it is hereby, denied. It is further

Ordered that petitioner's motion for the appointment of counsel in the above-entitled action be, and it is hereby, denied. It is further

Ordered and adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.[3]

---

2. The fundamental interests underlying the exhaustion doctrine would not be served by processing on the merits petitioner's exhausted habeas corpus claims. *See,* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443, 450 (1973).

3. Because it is evident that state remedies have not been exhausted, no substantive discussion need be made of the unexhausted contentions and related exhausted contentions, thereby avoiding any implications as to the merits of petitioner's claims. *See,* Slayton v. Smith, 404 U.S. 53, 54, 92 S.Ct. 174, 30 L.Ed.2d 209, 211 (1971).