**Artis X. JOHNSON, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the DISTRICT OF NEBRASKA, Respondent.**

No. 75–1458.

United States Court of Appeals, Eighth Circuit.

June 30, 1975.

Before GIBSON, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

The petitioner is a Nebraska state prisoner presently serving an eight to ten-year sentence upon his conviction for

manslaughter. In this action for mandamus relief, the petitioner seeks to compel the United States District Court for the District of Nebraska to consider the merits of his motion for habeas corpus previously dismissed by the court for want of exhaustion.

The records in this case show that the Nebraska authorities had initially charged the petitioner with second degree murder, and that the petitioner proceeded to trial on this charge. However, during jury selection procedures, a plea bargain was decided upon by which the petitioner would plead guilty to manslaughter. An amended information was filed and the petitioner pleaded guilty to this lesser charge.

The petitioner appealed the validity of his plea, contending that the plea was not voluntary. In support of this contention, the petitioner apparently argued that a transcript of the proceedings demonstrated that he was confused when he entered his plea. The Nebraska Supreme Court was unpersuaded, and affirmed the conviction. *State v. Johnson,* 187 Neb. 26, 187 N.W.2d 99 (1971).

In 1972, the petitioner sought post-conviction relief in the United States District Court for the District of Nebraska. The petitioner alleged, as he had on his direct appeal, that his plea of guilty was not voluntary. Additionally, the petitioner claimed that he had been mentally incompetent and without the effective assistance of counsel at the time of his plea and his sentencing. The District Court acknowledged that the petitioner had presented the voluntariness issue to the Nebraska Supreme Court. However, the court dismissed the entire petition, holding that exhausted claims in a habeas corpus petition could not be considered unless and until all claims in the petition had been exhausted.

Subsequent to this 1972 dismissal by the District Court, the petitioner made several attempts to demonstrate before the District Court that he had since exhausted all his claims for habeas corpus relief. These attempts were labeled by petitioner (and treated by the District Court) as post-dismissal motions in the original proceeding. In the most recent of these motions in the District Court, the petitioner cited the docket numbers of two Nebraska cases which, he alleged, would indicate that he had exhausted all his claims. The District Court, in an order entered February 14, 1975, noted that it had been unable to find the cited decisions, and warned that the cause would be dismissed unless the petitioner, within twenty days, submitted copies of the Nebraska decisions or citations to the Nebraska Reports where the decisions could be found. In response, the petitioner advised the court that he had cited one of the docket numbers incorrectly and supplied the court with the corrected number. The District Court was able to find the newly numbered case, but found that it had been dismissed by the Nebraska Supreme Court for failure to file briefs. The District Court concluded that the petition should remain dismissed for want of exhaustion.

The petitioner then initiated this mandamus action to compel the District Court to consider the merits of his petition.[1] Although the procedural history of this action can only be deemed irregular, we assume, *arguendo,* that the irregularities are not fatal to the instant proceeding.[2]

[1] The petitioner filed a "notice of appeal" on May 19, 1975, contesting the District Court's "delayed inability to make a decision since 1972." We construe this pleading as, at least in part, a petition for writ of mandamus. We do not decide at this time whether the pleading might also be construed as a notice of appeal and, if so, whether the notice of appeal would be considered timely filed. *See* note 2, *infra.* In this opinion, of course, we resolve the issues presented only insofar as necessary to determine whether a writ of mandamus should issue.

[2] The obviously untimely motions which the petitioner has filed since the 1972 dismissal of his action cannot serve to keep those original proceedings alive. However, it is possible to construe these subsequent motions as new habeas corpus petitions, alleging new grounds for exhaustion and incorporating by reference the original petition. Similarly, the subsequent dismissals by the District Court can be viewed as incorporating the District Court's initial legal rationale for dismissing the 1972 petition in its entirety.

The findings of the District Court as to which of the petitioner's several claims have been presented to the Nebraska Supreme Court provide no basis for issuance of the extraordinary writ of mandamus. However, the legal rationale of the District Court, enunciated in 1972, that the presence of unexhausted claims in a habeas corpus petition necessarily bars the immediate consideration of other claims in the petition already exhausted, cannot be approved in light of our subsequent decision in *Tyler v. Swenson*, 483 F.2d 611 (8th Cir. 1973). In *Tyler*, we held that

> * * * in the absence of unusual circumstances, District Courts should be required to consider those claims as to which the petitioner has exhausted his remedies even though he also raises unrelated or frivolous claims in his petition as to which he has not exhausted his remedies.

483 F.2d at 614.

Although this requirement may be said to foster piecemeal litigation in the federal courts, we have struck the balance in favor of the prisoner's interest in the prompt consideration of exhausted claims. *Id.* at 615.

 The incorrect exhaustion rationale employed by the District Court does not, however, lead to a different resolution of the exhaustion issue in the circumstances of this case. The rationale in *Tyler* does not embrace the situation where the exhausted and unexhausted claims are "interrelated and intertwined." *Blunt v. Wolff*, 501 F.2d 1138, 1141 (8th Cir. 1974). In the instant case, it is apparent that the petitioner's claim that his plea was involuntary is interrelated and intertwined with his claims that at the time of his plea he was mentally incompetent and without the effective assistance of counsel. Indeed, it could be said that the petitioner, by his allegations of incompetency and ineffective assistance of counsel, has necessarily expanded the factual grounds for contesting the voluntariness of his plea, and that the validity of the plea, as now put in issue, has not been fairly

presented to the state courts. *See Picard v. Connor*, 404 U.S. 270, 275–276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Schiers v. California*, 333 F.2d 173, 175 (9th Cir. 1964).

We conclude that the petitioner cannot show that he is entitled to a writ of mandamus. The writ is denied.